UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARMEN MILLER,

                Plaintiff,

-vs-                                                Case No. 5:13-cv-249-Oc-10PRL

FLORIDA HOSPITAL WATERMAN,

                Defendants.
_____/

## O R D E R

Plaintiff Carmen Miller has filed a three-count Complaint against her former employer, Florida Hospital Waterman, Inc., ("Florida Hospital") alleging race-based disparate treatment, hostile work environment discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 ("FCRA") (Doc. 1). Florida Hospital has moved to dismiss the Complaint in its entirety for failure to state a claim and for failure to exhaust administrative remedies (Doc. 9). Ms. Miller, who is represented by counsel, has not filed a response to the motion, and the time for responding has expired.

Upon due consideration, and for the reasons discussed below, the motion to dismiss will be granted, and Ms. Miller's Complaint will be dismissed with leave to amend.

### Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with

a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974). A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Id., 555 U.S. at 555, 127 S. Ct. at 1964-65.

**Discussion**

I. **The Complaint Fails to State a Claim for Relief**

The facts of the Complaint are barebones at best. Ms. Miller, an African-American female, alleges that she was hired by Florida Hospital on March 28, 2011. The Complaint does not specify her position with Florida Hospital, or her date of termination. It merely alleges that "[a]t the time of her termination, Plaintiff was treated differently than her white comparators and was written up by management on false premises, and done in order to retaliate against the Plaintiff due to her complaints to Management, Supervisors and Human Resource Department regarding the Hostile work environment against her." (Doc. 1, ¶ 7). The Complaint then lists five comments purportedly made to Ms. Miller, but the Complaint does not identify the person or persons who made the comments, or the time, place, or context of the alleged comments (Doc. 1, ¶ 8). The remainder of the Complaint consists of legal conclusions with respect to each of her alleged claims for relief.

This very thin pleading does not come close to satisfying the requirements of Fed. R. Civ. P. 8 and Twombly. While Ms. Miller makes general assertions of disparate treatment based on her race, retaliation, and hostile work environment, she has provided almost no factual details to support any of the elements of a *prima facie* case for each of her purported claims. See e.g., Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (listing elements of a *prima facie* case of disparate treatment race discrimination) (citations omitted); Miller v. Ken-worth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (listing

elements of a *prima facie* case for race-based hostile work environment); Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 126 S. Ct. 2405, 2415 (2006) (listing elements of a *prima face* case of retaliation). More specifically, she has not identified how she was treated differently than any white comparators, the forms of discipline she was subjected to, or the identities of any white comparators. With respect to her hostile work environment claim, Ms. Miller has provided no details concerning the identity of the person(s) who made the comments, when and where they were made, or the context in which they were made. She has also failed to assert when she was retaliated against, the identity of the person or persons who retaliated against her, the protected activity she engaged in, and/or specified the nature and extent of her retaliation. Indeed, she has not even alleged the date of her termination.

Instead, Ms. Miller has simply paraphrased the statutory language for each of her purported claims, which does not satisfy Fed. R. Civ. P. 8. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action . . . do not suffice."). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) ("Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas prima facie case, it must provide 'enough factual matter (taken as true) to suggest' intentional . . . discrimination.") (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992 (2002)).[1] Simply put, Ms. Miller's Complaint does not put this Court or

---

[1]The same analysis and *prima facie* case applies to claims for employment discrimination
(continued...)

4

Florida Hospital on notice of the precise nature of the claims asserted, and does not provide Florida Hospital with sufficient notice to pursue any meaningful discovery or otherwise defend the case. The entire Complaint is therefore due to be dismissed without prejudice and with leave to amend.

## II. Failure to Exhaust Administrative Remedies

Florida Hospital argues that even if Ms. Miller is given leave to amend her claims, she is precluded from reasserting several of them because she has failed to properly exhaust her administrative remedies. Both Title VII and the FCRA require as a prerequisite to filing a lawsuit that the plaintiff timely file a charge of discrimination with the appropriate administrative agency – either the EEOC or the Florida Commission on Human Rights ("FCHR"). See 42 U.S.C. § 2000e-5; Fla. Stat. §§ 760.07, 760.11. Florida Hospital contends that all of Ms. Miller's FCRA claims are barred under Florida's administrative review scheme, and Ms. Miller's Title VII retaliatory termination claim is barred because she has not yet exhausted her administrative remedies as to that claim.

### A. The FCRA Claims

Pursuant to Fla. Stat. § 760.11(1), it is a condition precedent to maintaining a civil action under the FCRA that an aggrieved person must first file a complaint with the FCHR within 365 days of the alleged violation. See Thompson v. Orange Lake Country Club, Inc.,

---

[1](...continued)
brought under Title VII, 42 U.S.C. § 1981, and the FCRA. Spring v. Convergys Customer Mgmt. Group, Inc., 509 F.3d 1344, 1347 n. 1 (11th Cir. 2007) (§ 1981 claims); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (FCRA claims).

224 F. Supp. 2d 1368, 1375 (M.D. Fla. 2002). After such a complaint is filed, the person must still wait to file her lawsuit until the earlier of either: (1) the FCHR determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA; or (2) 180 days have passed from the date the complaint was filed, and the Commission has not made a reasonable cause determination. Fla. Stat. § 760.11(4)(a), (8). However, if the FCHR determines that there is no reasonable cause to believe that a violation has occurred, the Commission shall dismiss the complaint. At that point, the aggrieved person has only one avenue of relief – she may request within 35 days of the date of the "no cause" determination, an administrative hearing under Fla. Stat. §§ 120.569 and 120.57. Fla. Stat. § 760.11(7). "If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred." Id.

In other words, when the FCHR issues a "no cause" determination on a discrimination or retaliation claim, the complainant is required to follow the administrative procedures set forth under Florida law. The failure to follow these administrative procedures and to request an administrative hearing within 35 days of the "no cause" determination bars the complainant from bringing a civil suit for discrimination or retaliation under the FCRA. Woodham v. Blue Cross and Blue Shield of Florida, Inc., 829 So. 2d 891, 894-95 (Fla. 2002). See also Vandesande v. Miami-Dade County, 431 F. Supp. 2d 1245, 1252 (S.D. Fla. 2006). Moreover, "[o]nce a complainant pursues an administrative hearing, he or she may only file suit if (1) the hearing officer finds a violation of the FCRA; and (2) the commission adopts the hearing officer's recommendation." Santillana v. Florida State

Court System, 2010 WL 271433 at * 5 (M.D. Fla. Jan. 15, 2010) (citing Fla. Stat. § 760.11(7)). See also Ayers v. Wal-Mart Stores, Inc., 941 F. Supp. 1163, 1167 (M.D. Fla. 1996) ("[F]ailure to pursue administrative remedies after a 'no reasonable cause' dismissal by the FCHR bars any court action for relief.").

Florida Hospital has submitted Ms. Miller's documents relating to her charges filed with the FCHR.[2] On July 31, 2012, Ms. Miller filed a charge of discrimination with the FCHR that was dual-filed with the EEOC (Doc. 9, Ex. A). The narrative of the charge asserts claims of racial discrimination and race-based hostile work environment discrimination; it does not allege any retaliatory discipline, and Ms. Miller did not check the box for "retaliation." (Id.). On February 15, 2013, the FCHR issued a "Notice of Determination: No Cause," in which the Commission stated that it found no reasonable cause to believe that an unlawful employment practice occurred (Doc. 9, Ex. B). The Notice explicitly stated that "[i]f the Complainant fails to request an administrative hearing within 35 days of the date of this notice, the claim shall be barred pursuant to Section 760.11, Florida Statutes." (Id.).

---

[2]The Court may take judicial notice of the documents relating to Ms. Miller's charges filed with the EEOC and the FCHR without converting Florida Hospital's motion to dismiss into a motion for summary judgment. These documents are public records of administrative agencies, they are generally referred to in Ms. Miller's Complaint when she asserts she has exhausted her administrative remedies (Doc. 1, ¶ 3), and the documents are central to Ms. Miller's claims because they are a condition precedent to suit. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340 (11th Cir. 2005); Luke v. Residential Elevators, Inc., No. 4:10-cv-524-SPM-WCS, 2011 WL 311370 at * 2 (N.D. Fla. Jan. 28, 2011).

Ms. Miller filed a timely request for an administrative hearing on March 11, 2013 (Doc. 9, Ex. C), and a hearing was set for April 19, 2013 (Id., Ex. D). On April 3, 2013, however, Ms. Miller voluntarily withdrew her request for an administrative hearing, and asked that jurisdiction over her charge be returned to the FCHR and the EEOC (Id., Ex. E). As a result, on April 3, 2013, the Division of Administrative Hearings cancelled the hearing and relinquished jurisdiction of Ms. Miller's charge to the FCHR (Id., Ex. F). The FCHR then issued a Notice of Dismissal on April 12, 2013, ruling that "[t]he Determination: No Cause stands" (Id., Ex. G).

Based on these documents, it is clear that Ms. Miller received a "no cause" determination, and chose not to pursue her only avenue of relief – an administrative hearing. By failing to exhaust her administrative remedies, her "No Cause" determination stands, and she is precluded from bringing any civil actions alleging violations of the FCRA for race discrimination or hostile work environment discrimination. Woodham, 829 So. 2d at 895 ("[T]he FCRA differs from Title VII, its federal counterpart, in that a 'no cause' determination precludes a civil suit under the FCRA but not under Title VII."). See also Louis v. Corizon Health, Inc., No. 4:12-cv-48-RH/CAS, 2012 WL 3230415 (N.D. Fla. June 27, 2012) ("A 'no cause' determination precludes the filing of a civil suit under the Act."). Ms. Miller's FCRA claims for race discrimination and hostile work environment

discrimination will therefore be dismissed, and Ms. Miller may not reassert these claims in the event she chooses to file an amended complaint.[3]

It is not clear from the Complaint whether Ms. Miller is pursuing a retaliation claim based on her termination, other adverse actions, or both. Regardless of the theory behind her retaliation claim, she cannot seek relief under the FCRA at this time because she has again failed to exhaust her administrative remedies. With respect to any claims for retaliatory discipline, the July 31, 2012 FCHR charge does not allege any claims of retaliation, and Fla. Stat. § 760.11(1) mandates that an aggrieved person must first file an administrative charge with the FCHR within 365 days of the alleged retaliation prior to pursuing any civil actions. The Court will dismiss this claim without prejudice, however, as it may be possible that the 365-day period has not yet expired, and Ms. Miller may be able to pursue administrative remedies on her retaliatory discipline claim.[4]

Similarly, to the extent Ms. Miller seeks to allege a claim for retaliatory termination under the FCRA, that claim will also be dismissed without prejudice as premature. On January 27, 2013, Ms. Miller filed a second FCHR charge, which was also dual-filed with the EEOC, alleging that her termination was in retaliation for having filed her prior charge

---

[3]Ms. Miller may proceed on her EEOC claims for race discrimination and hostile work environment discrimination. She received a "Dismissal and Notice of Rights" letter from the EEOC on April 4, 2013 (Doc. 9, Ex. H).

[4]Florida Hospital contends that the FCHR addressed Ms. Miller's claims of retaliatory discipline in the course of its investigation of Ms. Miller's July 31, 2012 charge, and that the "No Cause" determination also precludes any claim for retaliatory discipline (Doc. 9, p. 16). However, Florida Hospital has not submitted any documents from the FCHR establishing this point, and the Court cannot rely solely on the statements of counsel as evidence.

with the FCHR (Doc. 9, Ex. I). On July 25, 2013, Ms. Miller received a "No Cause" determination from the FCHR on this charge (Id., Ex. J). As of the date Florida Hospital filed its motion to dismiss, the 35-day period for Ms. Miller to seek an administrative hearing had not yet elapsed, and neither Party has submitted any additional documentation establishing whether Ms. Miller exhausted her administrative remedies. Therefore, at this time, Ms. Miller's FCRA retaliatory termination claim (to the extent she has asserted such a claim) cannot go forward because it does not appear that she has yet fully exhausted her administrative remedies. The Court will dismiss the claim without prejudice as premature. Jackson v. Worldwide Flight Services, Inc., 960 So. 2d 3 (Fla. 3d DCA 2005); Webb v. Worldwide Flight Service, Inc., 407 F.3d 1192 (11th Cir. 2005).

### B. The Title VII Retaliatory Termination Claim

Assuming Ms. Miller intended her claim of retaliation under Title VII to encompass her termination, such claim must also be dismissed for failure to exhaust administrative remedies. The materials submitted by Florida Hospital show that Ms. Miller dual-filed her charge for retaliatory termination with the EEOC and the FCHR on January 27, 2013. As of the date of this Order, neither Party has submitted any evidence establishing that Ms. Miller has received a "Dismissal and Notice of Rights" letter from the EEOC as to this charge. Therefore, Ms. Miller has not yet exhausted her administrative remedies on this charge, and it will be dismissed without prejudice as premature. See Bost v. Federal

Express Corp., 372 F.3d 1233 (11th Cir. 2004); Hillemann v. University of Central Florida, 411 F. Supp. 2d 1354 (M.D. Fla. 2004).

## **Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1) Defendant Florida Hospital Waterman, Inc.'s Motion to Dismiss Plaintiff's Complaint or in the Alternative, Motion for More Definite Statement (Doc. 9) is GRANTED.

(2) Plaintiff Carmen Miller's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE;

(3) Within twenty (20) days from the date of this Order, the Plaintiff may file an amended complaint which corrects the deficiencies discussed in this Order, and which complies with the dictates of Fed. R. Civ. P. 8(a), 10(b), and interpretive precedent. No extensions of time will be granted. The Plaintiff shall not use this as an opportunity to assert new claims for relief. The Plaintiff also may not reassert any claims for race discrimination or hostile work environment discrimination under the FCRA. If the Plaintiff has properly exhausted her administrative remedies with respect to claims of retaliatory discipline and/or retaliatory termination under Title VII and/or the FCRA, she may allege such a claim(s) in her amended complaint.

(4) Failure to file an amended complaint that complies with this Order within the proscribed time period will result in dismissal of this action in its entirety, and without further notice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 8th day of October, 2013.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record
            Maurya A. McSheehy